IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                   PLAINTIFF

v.                              Civil No. *12-3113*

U.S. PRESIDENT; GEORGE BUSH;
DIRECTOR OF NATIONAL INTELLIGENCE
JOHN NEGROPONTE; LT. GENERAL
KEITH B. ALEXANDER; ET AL.                             DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* (IFP). After review, it is found that Plaintiff submitted in July the filings below, together with motions for leave to proceed IFP;

1. 12-3076     Dale B. Adams v. EEOC          filed 7/2/2012[1]

2. 12-3077     Dale B. Adams v. U.S.D.A,       filed 7/2/2012[2]

3. 12-3078     Dale B. Adams v. U.S.D.O.L.    filed 7/2/2012

4. 12-3083     Dale B. Adams v. U.S.D.O.J.    filed 7/6/2012

5. 12-3092     Dale B. Adams v. Michael Astrue    filed 7/20/2012

Additionally, Plaintiff has the following civil suits in process and was granted leave to proceed IFP in each of the following:

1. 10-3117     Dale B. Adams v. U.S.D.O.J.    filed 12/7/2010

2. 10-3120     Dale B. Adams v. U.S.D.A.      filed 12/10/2010

---

[1] On August 23, 2012, Plaintiff filed a motion to voluntarily dismissal this case.

[2] On July 25, 2012, a report and recommendation was entered recommending denial of the IFP application in this case.

   3. 11-3043    Dale B. Adams v. U.S.D.O.L.    filed 6/20/2011

   4. 11-3020    Dale B. Adams v. E.E.O.C.    filed 3/11/2011

Finally, Plaintiff has one closed case in which he was granted leave to proceed IFP and three others he voluntarily dismissed prior to a ruling on his IFP application.

   1. 11-3021    Dale B. Adams v. Rivera (IFP)    closed 1/25/12

   2. 12-3028    Dale B. Adams v. Mueller    vol. dismiss 3/6/12

   3. 12-3058    Dale B. Adams v. Holder    vol. dismiss 5/31/12

   4. 12-3012    Dale B. Adams v. U.S.D.O.J.    vol. dismiss 2/7/12

An indigent plaintiff must conform to the requirements of 28 U.S.C. § 1915 in requesting leave to proceed IFP, including his "representations of poverty, a statement of the case, and his belief that he is entitled to redress." *Coppedge v. United States*, 369 U.S. 438, 441-442 (1962). These provisions apply to all IFP litigants, whether or not incarcerated. *See Floyd v. United States Postal Service*, 105 F.3d 274, 275-277 (6th Cir. 1997). Section 1915(e)(2) provides that the court may dismiss a case "at any time" if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

If a plaintiff has a long history of bringing unmeritorious litigation, the court can consider that fact in dismissing a claim. The Supreme Court has a long-standing policy to discourage frivolous and malicious *in forma pauperis* filing "particularly [from] those few persons whose filings are repetitive with the obvious effect of burdening the office of the Clerk and other members of the Court staff." *Zatko v. California*, 502 U.S. 16, 18 (1991)(Zatko thirty-four petitions in two years--Martin fifteen filings in two years)(internal quotation marks and citations omitted). For example, the Supreme Court held that the filing of eleven IFP applications in connection with writ of certiorari petitions in non-criminal matters in a one year period

AO72A
(Rev. 8/82)

constitutes frivolous filing and precluded the plaintiff from such "abusive" future filings. *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 2 (1992). Likewise, the Supreme Court denied leave to proceed IFP to a plaintiff who had filed thirty-five times over nine years and requested leave to proceed IFP in each one. *Day v. Day*, 510 U.S. 1, 2 (1993).

From July 2nd to July 20th, Plaintiff has filed five cases, naming five separate government agencies, and asked to proceed IFP in each case. These filing are in addition to the four proceedings Plaintiff is currently involved with, again with four different governmental agencies, while already proceeding IFP, and the four cases that are closed. This brings Plaintiff's total count of open cases in this district to nine. Based on the sheer number of Plaintiff's filed cases and the clear policy of the Supreme Court to discourage such "abusive" voluminous filing, the undersigned finds Plaintiff's request to proceed IFP should be denied.

Accordingly, the undersigned recommends that Plaintiff's IFP application be denied and he be ordered to tend the $350 filing fee.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this __24__ day of August 2012.

/s/ *Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 27 2012

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk